Citation Nr: 1706020 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-00 466 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an increased rating for duodenal ulcer, currently evaluated as 10 percent disabling.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. Tunis, Associate Counsel






INTRODUCTION

The Veteran served on active duty from April 1985 to October 1990.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a July 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. Jurisdiction resides with the Atlanta, Georgia RO.

In October 2011, the Veteran did not appear for a Board hearing. In September 2012, the Board granted the Veteran's motion for a new hearing date, and later that month, remanded the case to schedule a Travel Board hearing. In January 2013, the Veteran failed to appear, without explanation, for his requested Board hearing. He has not requested that the hearing be rescheduled. Therefore, his request for a hearing is considered withdrawn. See C.F.R. § 20.702(d) (2016).

The issue on appeal was previously remanded by the Board in January 2015 and February 2016 for further evidentiary development and adjudication. As will be discussed further below, the Board finds that there has been substantial compliance with its previous Remand directives, and the matter is now properly before the Board. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Board has reviewed the Veteran's electronic claims folder maintained in the Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS).


FINDING OF FACT

For the entire appeal period, the Veteran's duodenal ulcer was manifested by mild symptoms that occurred once or twice yearly, and was largely controlled by medications; moderate symptoms were not shown.


CONCLUSION OF LAW

The criteria for a rating in excess of 10 percent for a duodenal ulcer have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1-4.7, 4.114, Diagnostic Code (DC) 7305 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016). Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the Veteran and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim, the evidence VA will obtain on the Veteran's behalf, and the evidence the Veteran is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). VCAA notice requirements apply to all five elements of a service connection claim: (1) veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). The notice must be provided to the Veteran prior to the initial adjudication of his claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004).

In this case, notice was provided to the Veteran. An April 2007 letter notified the Veteran of the evidence not of record that was necessary to substantiate the claim, VA and the Veteran's respective duties for obtaining evidence, and VA's practices in assigning disability ratings and effective dates. An additional letter was sent in April 2008. Further, the appeal for increased ratings arises from the Veteran's disagreement with the initial evaluation following the grant of service connection. Once service connection is granted the claim is substantiated, additional notice is not required, and any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). No additional discussion of the duty to notify is therefore required.

The duty to assist includes assisting the claimant in the procurement of relevant records. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The RO associated the Veteran's service treatment records, VA treatment records, and military personnel records with the claims file. No other relevant records have been identified and are outstanding. As such, the Board finds VA has satisfied its duty to assist with the procurement of relevant records.

The duty to assist also includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on a claim, as defined by law. See 38 C.F.R. § 3.159(c)(4). In this case, the Veteran was provided with VA examinations in May 2007, May 2008, May 2015, and June 2016. Taken together, the Board finds the examinations to be adequate because the examiners considered and addressed the Veteran's contentions, reviewed the claims file in conjunction with the examinations, and conducted thorough medical examinations of the Veteran. Since the last VA examination, the Board finds that there is no indication of an overall increase in symptomatology, with no evidence of an overall worsening. Therefore, the Board finds that the most recent VA examination is adequate, and the Board finds that it has the evidence needed to obtain a complete picture of the Veteran's symptoms and severity of his duodenal ulcer.

Therefore, because VA has obtained all relevant identified records and provided adequate medical examinations, the Board finds that VA's duty to assist has been satisfied.

II. Stegall Compliance

As noted in the Introduction, the Board remanded this matter in September 2012, January 2015, and February 2016.

As noted, the September 2012 Board Remand directed the RO to schedule the Veteran for a personal hearing before a VLJ. In accordance with the Remand directives, the RO scheduled the Veteran for a Board hearing in January 2013, and provided notice of such. However, in January 2013, the Veteran failed to appear, without explanation, for his requested Board hearing. He has not requested that the hearing be rescheduled. Therefore, his request for a hearing is considered withdrawn, and the Board finds that the September 2012 Remand directives have been substantially complied with. See Stegall, 11 Vet. App. at 271.; see C.F.R. § 20.702(d) (2016).

The Board again remanded this matter in January 2015. The Board directed the RO to obtain and associate with the claims file all relevant VA medical records, obtain any outstanding private medical records, schedule the Veteran for a VA examination to determine the current severity of his service-connected duodenal ulcer, and, thereafter, provide the Veteran a supplemental statement of the case (SSOC). Accordingly, the RO obtained and associated with the claims file outstanding VA treatment records from May 2008 to June 2016. The Veteran has not identified any outstanding VA or private treatment records. Moreover, the Veteran was afforded a VA examination of the severity of his duodenal ulcer in May 2015, with an addendum opinion provided in June 2015, and an SSOC was provided in June 2015. The VA examiner noted a review of the Veteran's claims file and history, and completed a physical examination of the Veteran. However, the June 2015 addendum opinion states that the Veteran failed to complete labs and failed to show for his procedure, and therefore, the examiner could not provide an opinion as to the severity of the Veteran's condition without resorting to speculation.

For this reason, the Board remanded the matter once again in June 2016. The June 2016 Remand directed the RO to schedule the Veteran for a VA examination, to include any necessary laboratory testing, determine the current severity of his service-connected duodenal ulcer disability. The RO was directed to, thereafter, provide the Veteran with an SSOC. Accordingly, the Veteran was afforded a VA examination in June 2016. The VA examiner noted a review of the Veteran's claims file and history, and completed a physical examination of the Veteran. The June 2016 report indicates that appropriate testing was completed in September 2015 and November 2015, and includes an opinion concerning the severity of the Veteran's disability. The Board finds the opinion to be well supported by medical knowledge and facts. Thereafter, an SSOC was furnished in July 2016. Therefore, the Board finds that there has been substantial compliance with its previous Remand directives. See Stegall, 11 Vet. App. at 271 (holding that the Board errs as a matter of law by failing to ensure compliance with its remand orders). The matter is now appropriately returned to the Board.

III. Increased Rating

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Schedule), found in 38 C.F.R. Part 4. The Schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1.

In determining the disability evaluation, VA has a duty to acknowledge and consider all regulations, which are potentially applicable, based upon the assertions and issues raised in the record and to explain the reasons and bases for its conclusion. Schafrath v. Derwinski, 1 Vet. 589 (1991). It is not expected that all cases will show all findings specified; however, findings sufficiently characteristic to identify the diseases and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21.

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55 (1994). In addition, the Court has determined that staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007) (citing Fenderson v. West, 12 Vet. App. 119, 126 (1999)).

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more closely approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107 (b); 38 C.F.R. §§ 3.102, 4.3.

When evaluating disabilities of the musculoskeletal system, 38 C.F.R. § 4.40 allows for consideration of functional loss due to pain and weakness causing additional disability beyond that reflected on range of motion measurements. DeLuca v. Brown, 8 Vet. App. 202 (1995). Further, 38 C.F.R. § 4.45 provides that consideration also be given to weakened movement, excess fatigability and incoordination.

The Veteran's duodenal ulcer is rated under 38 C.F.R. § 4.114, DC 7305, and has been assigned a 10 percent rating, effective February 28, 2007. 

Under DC 7305, a duodenal ulcer is assigned a 10 percent rating for a mild ulcer with recurring symptoms once or twice yearly. A 20 percent rating is assigned for a moderate ulcer with recurring episodes of severe symptoms two or three times a year averaging ten days in duration; or with continuous moderate manifestations. A 40 percent rating is assigned for a moderately severe ulcer, which is less than severe but with impairment of health manifested by anemia and weight loss; or recurrent incapacitating episodes averaging 10 days or more in duration at least four or more times a year. A 60 percent (maximum) rating is assigned for a severe duodenal ulcer with pain only partially relieved by standard ulcer therapy, periodic vomiting, recurrent hematemesis or melena, with manifestations of anemia and weight loss productive of definite impairment of health. 38 C.F.R. § 4.114. 

Words such as "mild," "moderate," "moderately severe," and "severe" are not defined in the Rating Schedule or in the regulations. Consequently, the Board must evaluate all of the evidence to ensure that its decisions are "equitable and just." 38 C.F.R. § 4.6.

The Veteran contends that his service-connected duodenal ulcer warrants an increased rating in excess of 10 percent for the period on appeal. See, February 2007 Veteran's Application for Compensation or Pension; see August 2007 Statement in Support of Claim; see August 2007 Correspondence.

Although VA treatment records are of record, the record does not include VA treatment records indicative of on-going treatment for stomach conditions, to include an ulcer. 

However, VA examinations are of record. The May 2007 VA examination reports that the Veteran suffers from duodenal ulcer. The examiner noted that the condition does not affect the Veteran's general body health and does not cause malnutrition. The examination report includes symptoms of stomach pain located in the upper and middle of the stomach and heartburn. The Veteran reported that the stomach pains occur frequently and that the abdominal pain is sharp and sticking. The examiner noted that symptoms of stomach distention and diarrhea. However, the Veteran reported having no nausea and no vomiting. The Veteran further reported that he has vomited blood twice, with the last time being in 2006, and that he has passed black tarry stools twice, with the last time being in 2006; however no medical treatment records noting such are of record. The examiner found that the Veteran does not have anemia, and noted that the Veteran has not had any stomach surgery. Last, the May 2007 VA examiner concluded that there is no functional impairment resulting from the above condition.

On additional VA examination dated May 2008, the examiner once again noted the Veteran's diagnosis of ulcer, and found that the Veteran's condition does not affect his general body health, to include causing anemia or malnutrition. The Veteran reported stomach pain located in the upper abdomen region that occurs frequently with stress, and heartburn. The Veteran described the pain as sharp to dull. Again, the Veteran reported that he does not experience nausea and does not experience vomiting. The Veteran has not been hospitalized, the Veteran has not had surgery for his condition, and his stomach condition does not cause incapacitation. Upon examination of the abdomen, the examiner noted tenderness to palpation. However, the examiner did not find liver enlargement, distension of the superficial veins, striae on the abdominal wall, an ostomy, ascites, splemonegaly, or aortic aneurysm.

The Veteran was afforded another VA examination in May 2015. The examiner noted a review of the Veteran's claims file and a physical examination of the Veteran in-person. The examiner noted continued diagnosis of duodenal ulcer, and the Veteran reported abdominal pain rated 9 out of 10, occurring 5 days a week. He described the pain as a throbbing and stabbing pain in the middle of his stomach. The Veteran also reported occasional nausea 5-10 minutes after eating. The Veteran reported no abdominal surgeries and no blood in his stool. However, the Veteran reported weight loss of 45 pounds over 5 months and poor appetite. The May 2015 examination report notes the following symptoms: periodic abdominal pain, periodic nausea, full abdominal tenderness, and normoactive bowel sounds. However, the examiner noted no incapacitating episodes and no impact on his ability to work. In a June 2015 addendum opinion, VA examiner noted that "the severity level of his duodenal ulcer cannot be provided without resorting to speculation, he failed to complete any testing."

On VA examination dated June 2016, the examiner noted a review of the Veteran's claims file and a physical review of the Veteran in-person. The examiner noted a diagnosis of duodenal ulcer and gastroesophageal reflux disorder (GERD), with a diagnosis of GERD noted as November 2015. The Veteran reported pain in his stomach of a stabbing nature, bloating, heartburn, and discomfort that radiates to the back. The Veteran reported that he does not take continuous medication for the ulcer condition. The examination report notes no incapacitating episodes. The June 2016 examination report notes upper gastrointestinal radiographic studies completed in November 2015, and laboratory testing completed in October 2015, which indicate duodenal ulcer with failure to heal and continued abdominal pain. 

The June 2016 VA examiner noted the Veteran's assertions that he suffers from persistent uncontrolled symptoms with abdominal discomfort on a daily basis, for which he takes Tums and a home remedy that he makes. Upon review of the Veteran's file, the examiner found that the Veteran's September 2015 medical records "appeared to show an ulcer, but repeat testing in November 2015 was negative and only showed reflux." However, the examiner noted that "[i]t is unclear if the first was just a spurious filling defect or Veteran had an ulcer at that time which resolved by the second exam." The VA examiner further found that although the Veteran reports chronicity of symptoms, such are not documented in medical records. It is noted that despite being encouraged to undergo additional testing, the Veteran did not heed such advice and participate. Additionally, the examiner reported that the Veteran's "medical records suggest his symptomatology is limited," and found that the Veteran has not had weight loss based on vitals, and his most recent lab results were normal with no evidence of anemia. Additionally, the examiner found that the "Veteran's current symptoms would likely respond to appropriate medication, however it does not appear he has presented for such, presumably due to adequate symptom control with other the counter measures."

Thus, regarding a description of the severity of the Veteran's symptoms, the June 2016 VA examiner found the Veteran's symptoms to be "mild at best." The VA examiner concluded that the Veteran's stomach conditions do not impact his ability to do work. Last, the June 2016 VA examiner explained that "there is no evidence that his symptoms are currently related to an ulcer. It is more likely that his symptoms are related to his reflux. There is no evidence of incapacitation related to his gastrointestinal condition and there is no evidence of any definite impairment of health related to this service connected condition." 

Based on the foregoing evidence, it is the Board's opinion that the Veteran's duodenal ulcer has been properly assigned a 10 percent for the period on appeal under 38 C.F.R. § 4.114, DC 7305. As noted during the examinations of record, the Veteran's duodenal ulcer is manifested by abdominal pains, tenderness, heartburn, periodic nausea, and normoactive bowel sounds. While reoccurring, the June 2016 VA examiner noted that the Veteran's symptoms are likely attributable to his non-service connected GERD, and, further, that the Veteran's symptoms are of a mild nature and managed without medication or treatment beyond over-the-counter medications, such as Tums and home remedies. The medical evidence of record consistently notes that the Veteran has not undergone surgery or had incapacitating episodes as a result of his gastric condition. Thus, the Board finds that the disability picture is consistent with a 10 percent rating under DC 7305, which accounts for mild duodenal ulcers. 

The Board finds that an increased rating of 20 percent under DC 7305 is not warranted in this case because the medical evidence of record does not demonstrate that for the period on appeal the Veteran's duodenal ulcer was manifested by a moderate ulcer with recurring episodes of severe symptoms two or three times a year averaging ten days in duration; or with continuous moderate manifestations. Although the Veteran reports continuous symptoms of abdominal pain, upon review of the Veteran's claims file and a physical examination, the June 2016 VA examiner has characterized the Veteran's symptoms as mild, rather than moderate. The examiner supported his opinion with medical knowledge and factual evidence. Specifically, the Board notes that the June 2016 VA examiner supported his opinion with rationale that the Veteran's medical records are lacking in documentation of his alleged chronic symptoms, and that "medical records suggest his symptomatology is limited." Although the May 2015 VA examination report notes the Veteran's assertion of weight loss of 45 pounds over 5 months and poor appetite, after a review of the Veteran's claims file, the June 2016 VA examiner found that the Veteran has not had weight loss based on vitals and that his most recent lab results were normal, with no evidence of anemia. Additionally, the June 2016 VA examiner supported his opinion by noting the Veteran's consistent lack of medication and treatment, which he found to indicate adequate symptom control with over the counter measures. Thus, given the medical evidence of record, the Board finds that a rating in excess of 10 percent for the Veteran's duodenal ulcer under DC 7305 is not warranted.

The Board finds that the June 2016 examination report appears to have been based upon thorough review of the record, thorough examination of the Veteran, and thoughtful analysis of the Veteran's entire history. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (the probative value of a physician's statement is dependent, in part, upon the extent to which it reflects "clinical data or other rationale to support his opinion"); see Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008). In this case, the examiner has considered the Veteran's reported symptomatology and treatment in context, and has provided thorough and well supported rationale that includes medical knowledge and facts. On the other hand, the Veteran has not submitted medical evidence to support his assertions, and the Veteran has been accorded ample opportunity to present competent medical evidence in support of his claim, and has not done so. See 38 U.S.C.A. § 5107(a) (West 2014) (it is the claimant's responsibility to support a claim for VA benefits). 

The Board notes that the Veteran is entirely competent to report his symptoms, but weighs the Veteran's statements against the medical examinations of record. The Board has considered the Veteran's lay statements along with the medical evidence of record, and specifically finds the June 2016 VA examiner's opinion to be overwhelmingly probative. First, the Board notes that although the Veteran is competent to report his symptoms, the Veteran as a lay person is not competent to associate his claimed symptoms with his service-connected ulcer rather than his diagnosed, nonservice-connected GERD, for such requires specific medical training and is beyond the competency of the Veteran or any other lay person. See also 38 C.F.R. § 3.159 (a)(1) (2016) (competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions). 

Second, the Board does not find the Veteran's statements as to his alleged severity of symptoms to be credible. The June 2016 medical opinion of record is competent and provides medical knowledge and facts that support the conclusion that given the Veteran's medical treatment records, symptomatology, reported vitals, and method of treatments, the Veteran's duodenal ulcer is manifested by symptoms that are to be considered "mild at best." Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); see also Wray v. Brown, 7 Vet. App. 488, 493 (1995) (holding that the adoption of an expert medical opinion may satisfy the Board's statutory requirement of an adequate statement of reasons and bases if the expert fairly considered the material evidence seemingly supporting a veteran's position). Although the Veteran asserts that his symptoms have worsened, the June 2016 VA examination reports a review of the Veteran's treatment record and asserted history for the entire period on appeal, and the Board finds that the Veteran's symptomatology has remained relatively stable during the appeal period. Thus, the Board finds the June 2016 opinion concerning the severity of the Veteran's duodenal ulcer to be applicable to the entire rating period on appeal, and the statements offered by the Veteran in support of his own claim are outweighed by the medical opinion of record.

The Board has considered further whether the Veteran is entitled to a higher rating under any other diagnostic code for his gastrointestinal disability. 38 C.F.R. § 4.114. However, it is not shown that he suffers from any of the symptoms required for a higher rating under any of the other potentially applicable diagnostic codes, e.g., DC 7306 (marginal ulcer), DC 7307 (gastritis), DC 7319 (irritable colon syndrome), DC 7346 (hiatal hernia). Moreover, as previously discussed, the Veteran has a current diagnosis of GERD, which is a separate diagnosis that is not currently service connected. 

Instead, the Veteran's service-connected disability duodenal ulcer, is specifically contemplated by the Schedule. In Copeland v. McDonald, 27 Vet. App. 333, 337 (2015), the Court "reiterate[d] that when a condition is specifically listed in the Schedule, it may not be rated by analogy." See also Suttman v. Brown, 5 Vet. App. 127, 134 (1993) (providing that "[a]n analogous rating . . . may be assigned only where the service-connected condition is 'unlisted.'"). In this regard, the Board finds that the Veteran's duodenal ulcer is appropriately rated under DC 7305 for the entirety of the appeal period. See 38 C.F.R. § 4.114.

All potentially applicable diagnostic codes have been considered, and the Veteran is not entitled to a rating in excess of the rating already assigned. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). Staged ratings have been considered, but are not warranted, as the Veteran's symptomatology has remained relatively stable during the appeal period and has remained at levels warranting a 10 percent rating. Any increases in severity were not sufficient for a higher rating for the reasons discussed above. Hart, 21 Vet. App. at 509-10.

Therefore, in light of the foregoing, the Board concludes that a rating in excess of 10 percent for the Veteran's service-connected duodenal ulcer is not warranted. Consequently, the benefit-of-the-doubt rule does not apply, and the claim must be denied.

IV. Extraschedular Considerations

Finally, the Board has considered whether the Veteran is entitled to a compensable rating on an extraschedular basis. Under Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate the Veteran's level of disability and symptomatology and is found inadequate, the Board must determine whether the Veteran's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, the Veteran's disability picture requires the assignment of an extraschedular rating.

With respect to the first prong of Thun, the evidence in this case does not show such an exceptional disability picture that the available schedular evaluation for the service-connected duodenal ulcer is inadequate. A comparison between the level of severity and symptomatology of the Veteran's disability with the established criteria shows that the rating criteria reasonably describe his disability level and relevant symptomatology. Specifically, the criteria contemplates the Veteran's reported symptoms of abdominal pains, tenderness, heartburn, periodic nausea, and normoactive bowel sounds. And as indicated above, the symptomalogical manifestations of other diagnoses, to include GERD, may not be taken into consideration on either a schedular or extraschedular basis. In short, the rating criteria reasonably describe the Veteran's disability level and symptomatology. The Board, therefore, has determined that referral of this case for extraschedular consideration pursuant to 38 C.F.R. 3.321 (b)(1) is not warranted.

Additionally, the Board notes that according to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran may be entitled to "consideration [under 38 C.F.R. § 3.321(b)] for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321(b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities, when such presents disability not adequately captured by the schedular ratings for the service-connected disabilities. 

In this case, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. In this case, there is neither allegation nor indication that the collective impact or combined effect of more than one service-connected disability presents an exceptional or unusual disability picture to render inadequate the schedular rating criteria. While the June 2016 examiner noted an additional stomach condition, GERD, such has not been service-connected.

Moreover, the Board has considered whether an inferred claim for a total disability rating based on individual unemployability (TDIU) has been raised under Rice v. Shinseki, 22 Vet. App. 447 (2009). However, the Veteran has not asserted unemployability as a result of his service-connected disabilities. As such, the Board finds that Rice is inapplicable in this case.

Therefore, in light of the foregoing, the Board once again concludes that the preponderance of the evidence is against a rating in excess of 10 percent for the Veteran's service-connected duodenal ulcer is not warranted. Consequently, the benefit-of-the-doubt rule does not apply, and the claim must be denied on schedular and extraschedular bases. 38 C.F.R. § 4.3.


 (CONTINUED ON NEXT PAGE)



ORDER

Entitlement to an increased rating for duodenal ulcer, currently evaluated as 10 percent disabling, is denied.



____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs